UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRANFORD PAINT CENTER, INC.,<br>        Plaintiff,<br><br>        v.<br><br>PPG ARCHITECTURAL FINISHES, INC.,<br>        Defendant. | CIVIL ACTION NO.<br>3:06cv907 (SRU) |

## RULING and ORDER

Branford Paint Center, Inc. ("Branford Paint") brought this action in the Superior Court for the State of Connecticut. The complaint alleged several causes of action arising out of, in effect, a failed franchise agreement. The defendant, PPG Architectural Finishes, Inc. ("PPG"), timely removed the case to federal court, alleging diversity jurisdiction. PPG then moved to transfer the case to the United States District Court for the Western District of Pennsylvania. Branford Paint opposed that motion and moved to remand the case to the Connecticut Superior Court for lack of subject matter jurisdiction. On December 13, 2006, I heard oral argument on the motion to remand. For the reasons that follow, the motion to remand is granted and the motion to transfer is denied as moot.

As a matter of logic and judicial economy, I should decide whether subject matter jurisdiction exists over the claims in the complaint before reaching the question of transfer. Otherwise, if the case were transferred, the transferee court would have to take up the question of subject matter jurisdiction and, if it concluded that jurisdiction did not exist, the case would have been unnecessarily delayed and remand could be unnecessarily complicated.

The only disputed issue regarding diversity jurisdiction is whether the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §

1332(a).  When a plaintiff files a case in state court and the defendant removes, the defendant has the burden to prove that diversity jurisdiction, including the amount in controversy, exists.  14B WRIGHT, MILLER, COOPER, & STEINMAN, FEDERAL PRACTICE AND PROCEDURE 3D: JURISDICTION AND RELATED MATTERS § 3702 at 49 (3d ed. 1998).  The party invoking federal jurisdiction has the burden of proving that "'it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000) (quoting *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 305 (2d Cir. 1994)).  If the jurisdictional facts are challenged, the party asserting jurisdiction must support the jurisdictional facts by a preponderance of the evidence.  *United Food Local 919*, 30 F.3d at 305.  Federal courts should construe removal statutes narrowly and resolve doubts about removability against removal.  *Lupo v. Human Affairs International, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).   The amount in controversy is measured at the time the case is filed, or in the case of removal, when the case is removed to federal court.  14B WRIGHT & MILLER § 3702 at 68.  "It is well-settled by numerous judicial decisions by the Supreme Court, the courts of appeal, and countless district courts that the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit."  *Id.* at 77; *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977) (explaining that the amount in controversy is measured by the value of the object of the litigation).

   The removal statute, 28 U.S.C. § 1446(b), provides that "other paper," in addition to the pleadings may provide a basis for removability.  The Second Circuit has held that "where the pleadings themselves are inconclusive as to the amount in controversy, . . . federal courts may

look outside those pleadings to other evidence in the record." *United Food Local 919,* 30 F.3d at 305; *see also* 14B WRIGHT & MILLER § 3702 at 70 (explaining that courts can consider other evidence, such as discovery material, affidavits, and the petition for removal). Some courts have held that in removal cases, when the plaintiff does not claim a specific amount of damages in the complaint, the court may consider affidavits or stipulations filed by the plaintiff after removal for purposes of clarifying ambiguities in the complaint. 14C WRIGHT & MILLER § 3725 at 118 (citing cases from various jurisdictions).

Branford Paint's complaint is ambiguous regarding the value of the litigation. PPG argues that there is a reasonable probability that Branford Paint's claims are worth more than $75,000, principally based upon a lofty settlement demand made by Branford Paint. Although some courts have considered settlement demands in determining the amount in controversy, they have done so with caution. *See, e.g., Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004). A settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy. Therefore, at oral argument, I permitted Branford Paint to file a notice of limitation of damages and/or an offer of judgment limiting the damages sought to an amount below the jurisdictional threshold. On December 22, 2006, Branford Paint filed a Notice of Damage Limit (doc. # 31), in which Branford Paint "gives notice of its cap of damages less costs in the amount of Seventy Five Thousand ($74,999.00) Dollars." In addition, counsel for Branford Paint filed an affidavit swearing that Branford Paint filed "an offer of judgment under the jurisdictional amount as stated in 42 USC Section 1332 for diversity actions."

If those limitations are binding on Branford Paint, then PPG, as the party asserting the existence of federal jurisdiction, cannot demonstrate that the jurisdictional amount can be

satisfied. I deem the Notice and affidavit regarding the offer of judgment as binding admissions, limiting the amount of Branford Paint's claims. Presumably, the Notice will be treated as a judicial admission and will be admissible at the trial of this matter. The stipulated maximum value does not satisfy the amount in controversy requirement for diversity jurisdiction; therefore, there is no federal subject matter jurisdiction.

Branford Paint's Motion to Remand (**doc. # 17**) is **GRANTED**. PPG's Motion to Transfer (**doc. #8**) is **DENIED as moot**. The clerk shall remand this matter and close the federal case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 1st day of February 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge